**STATE of Missouri, Respondent,**

v.

**William DUNCAN, Appellant.**

**No. WD 52692.**

Missouri Court of Appeals,
Western District.

Submitted Dec. 13, 1996.

Decided March 11, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 29, 1997.

Rob Trowbridge, Jefferson City, for appellant.

Robert W. Russell, Asst. Pros. Atty., Cole County, Jefferson City, for respondent.

Before SMART, P.J., and SPINDEN and ELLIS, JJ.

SMART, Presiding Judge.

William Duncan appeals from the trial court's judgment finding him guilty of possession of a controlled substance, a class A misdemeanor, in violation of § 195.202, RSMo 1994. Duncan was sentenced to ten days in the county jail. On appeal, Duncan claims that his arrest, and the subsequent search of his residence and seizure of contraband, were performed without probable cause. Affirmed.

On December 5, 1995, officers from the Jefferson City Police Department were dispatched to a residence after receiving a disturbance complaint for loud music. After arriving at the scene, officers walked around to the back of the residence. As they approached the door, the officers noticed an

odor of burning marijuana. Looking through a window, they observed two men sitting at a kitchen counter. The men appeared to be in the process of "stemming" and packaging marijuana. These individuals were later determined to be Mr. Flemmons and Mr. Dove. No one else was present in the room.

Realizing that the door to the residence was locked, the officers made several attempts to break down the door. Defendant Duncan eventually unlocked the door and let the officers inside the residence. Once inside the residence, the officers again smelled a strong odor of burning marijuana. The occupants of the residence were asked to put their hands in the air. They were then asked who lived in the residence. Duncan stated that he and Flemmons lived in the residence. Duncan initially consented to a search of the residence, but later withdrew the consent. A substance which appeared to be marijuana was visible in several places. Duncan was arrested along with the other men.

Officers searched the residence after obtaining a search warrant. A large amount of marijuana was found on the kitchen counter, along with a pair of scissors and several packages of plastic baggies. There were seeds in various places, and there was a trail of marijuana on the floor leading from the kitchen counter to the bathroom. Seeds were found in Duncan's bedroom. There appeared to also be marijuana on the toilet seat and inside the toilet. Duncan's infant was found asleep in a bedroom. Marijuana was discovered in Duncan's closet.

Defendant Duncan's sole point on appeal is that the trial court erred in denying his motion to suppress evidence of the search in violation of his constitutional rights because the warrantless arrest and subsequent search and seizure were without probable cause.

A warrantless arrest is valid only if probable cause exists. *State v. Garrett,* 627 S.W.2d 635, 641 (Mo. banc), *cert. denied,* 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982). Probable cause exists if: (1) the facts known to the arresting officer are sufficient to warrant the officer's belief that an offense has been or is being committed; and (2) the facts warrant a belief that the person arrested is guilty of the offense. *State v. Olds,* 603 S.W.2d 501, 505 (Mo. banc 1980), *cert. denied,* 500 U.S. 908, 111 S.Ct. 1692, 114 L.Ed.2d 86 (1991).

In other words, reason to believe, or even certainty that an offense has been or is being committed does not constitute probable cause to arrest a particular individual unless reason also exists to believe that that individual committed the offense. Although "[a] broad gulf exists between what is necessary to prove one guilty and the requirement of probable cause of a warrantless arrest ... bare suspicion ... is not enough to support a finding of probable cause for a warrantless arrest."

*State v. Moore,* 659 S.W.2d 252, 255 (Mo.App. 1983) (*quoting State v. Grady,* 548 S.W.2d 601, 608 (Mo.App.1977)). "[A] person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person." *Ybarra v. Illinois,* 444 U.S. 85, 91, 100 S.Ct. 338, 342, 62 L.Ed.2d 238 (1979). In *Ybarra,* the defendant was a patron in a public bar along with several other customers. The police executed a valid warrant to search the tavern for narcotics allegedly being sold by the bartender. Ybarra was searched and found to have six packets of heroin on him. The United States Supreme Court found that probable cause for the search did not exist.

In *United States v. Holder,* 990 F.2d 1327 (D.C.Cir.1993), the defendant was found in an apartment hallway opening on to a living/dining area. On a table in the dining area, officers spotted plastic bags of cocaine base and a plate of crack cocaine. Holder was arrested and searched. Crack cocaine and keys to a toolbox containing a .357 magnum and more crack cocaine were found on Holder. Holder, citing *Ybarra,* contended that his arrest was without probable cause because his mere presence in an apartment where narcotics were found was not enough to give rise to probable cause for arrest. There was no indication at the time of the arrest as to whether Holder lived in the apartment or was connected to it in any way. The court distinguished *Ybarra,* pointing out

that Holder's arrest occurred in a private place. *Holder*, 990 F.2d at 1329. The court stated:

> More crucially, in this case the drugs were openly on display, and therefore appellant's proximity to the drugs clearly reflected his knowledge of, and probably his involvement in, narcotics activity. Even if the drugs were not Holder's and instead belonged only to Jones, the circumstances indicated that Jones trusted Holder and considered him sufficiently complicit to allow him a full view of the drug distribution scene. Unlike the situation in *Ybarra*, where the defendant's presence in a public tavern was itself ostensibly innocent, Holder's presence in a private apartment just a few feet away from a table full of cocaine can hardly be so described ..

*Id.*

▆ In the instant case, the marijuana was openly on display. A trail of marijuana leading from the kitchen to the bathroom was apparent. The smell of burning marijuana was prominent. The open display of what appeared to be marijuana, the presence of the odor, the fact that Duncan was close enough at hand to open the door, and the fact that he shared the residence with Flemmons, contributed to probable cause to make the arrest. *See United States v. Pace*, 898 F.2d 1218, 1240 (7th Cir.1990).

The court in *United States v. Martinez–Molina*, 64 F.3d 719 (1st Cir.1995), surveyed decisions concerning warrantless arrests and the factors sufficient to create the inference of participatory involvement. It is suggested that one of the factors that a court might examine is "whether the known criminal activity was contemporaneous with the association and whether the circumstances suggest that the criminal activity could have been carried on without the knowledge of all persons present." *Id.* at 727 (citing *United States v. Hillison*, 733 F.2d 692 (9th Cir. 1984)). The *Martinez–Molina* court also points out that probable cause is found most often in those cases where the association between the defendant and the criminal activity is more than momentary, casual or random. *Id.* at 727–28. Here the factors suggested more than a momentary, casual, or random association.

Duncan contends this case is governed by *State v. Moore*, 659 S.W.2d 252 (Mo.App. 1983). In that case, the defendant was charged with possession of marijuana after police officers, looking through a window at 1:30 in the morning, observed defendant sleeping on a couch in the living room of a house. There was a second person sleeping nearby in a chair. A short distance away, on a coffee table, was material the officers believed to be marijuana. *Moore*, 659 S.W.2d at 254. Police returned an hour later, after being advised by the prosecutor that they had probable cause for an arrest. Police arrested defendant and other people then on the premises without knowing the identity of the residents of the premises. Moore presented no evidence at trial and was convicted for possession. On appeal, he argued that his warrantless arrest was unlawful and that the subsequent warrantless search and seizure was also unlawful. *Id.* Defendant contended that although there may have been probable cause to believe someone was engaged in the commission of a crime, the facts were insufficient to give rise to probable cause to believe that *defendant* committed the offense. This court stated:

> Probable cause must, of course, be analyzed according to the facts known at the time of arrest, not according to facts learned later. At the time the officers here arrested Mr. Moore, they knew that he had been sleeping in the house (although not in the bedroom), that he had answered the door earlier and that a Mr. Bailey was not present. They did not know whether defendant resided in the house (either as tenant or owner) or was a mere guest. All they knew for certain was that he was present in a dwelling where contraband was located. Our analysis of probable cause, then, must proceed on the basis that at the time of arrest the officers had no reasonable basis for a determination of defendant's status other than his mere presence. Whether he was the owner, a tenant, a guest or a trespasser was a matter of surmise.

The *Moore* court went on to find that probable cause for defendant's arrest did not exist. *Id.* at 255–56.

Duncan's presence in the residence, considered by itself, does not provide the requisite probable cause. The facts here demonstrate that Duncan's presence at the scene was not the sole factor in the police determination that probable cause for arrest existed. Unlike the marijuana neatly contained in the fruitcake container in *Moore,* the marijuana found in Duncan's residence was highly visible and scattered in various places. It appeared that there was a commercial operation going on in Duncan's kitchen. Duncan's residence was filled with smoke from burnt marijuana. Duncan was close enough to the ongoing action to be the one to open the door. Duncan acknowledged that he and Flemmons were residents of the premises. Such facts, taken together, are sufficient to establish probable cause to arrest. This was enough "to warrant a prudent person's belief" that Duncan was involved in the commission of an offense. *State v. Tokar,* 918 S.W.2d 753, 767 (Mo. banc 1996). There was probable cause to support the arrest.

Judgment is affirmed.

SPINDEN and ELLIS, JJ., concur.